FILED
CLERK
**8/11/2026**
U.S. DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
LONG ISLAND OFFICE

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
-----------------------------------------------------------------X

JOSEPH WIESEL,

*Plaintiff*,

-against-

APPLE INC.,

*Defendant*.

-----------------------------------------------------------------X

**MEMORANDUM AND ORDER**

26-CV-1465 (NJC) (JMW)

**A P P E A R A N C E S:**

Paul L. Fraulo
Ariel Reinitz
Serge Krimnus
**Bochner, PLLC**
1040 Avenue of the Americas, 15th Floor
New York, NY 10018
*Attorneys for Plaintiff*

Katherine Reardon
**Fish & Richardson P.C.**
7 Times Square, 20th Floor
New York, NY 10036

*-and-*

Michael Amon
Roger Alen Denning
**Fish & Richardson P.C.**
12860 El Camino Real, Ste 400
San Diego, CA 92130
*Attorneys for Defendant*

**WICKS,** Magistrate Judge:

This is the second case brought by Plaintiff, an alleged patent holder, seeking to preserve his rights to damages while awaiting a decision from the Federal Circuit. Before the Court is a motion to stay proceedings pending defendant's motion to dismiss. Because this case and an earlier filed one are in an unusual procedural posture, the stay, however, is sought by plaintiff rather than defendant.

Joseph Wiesel ("Plaintiff") commenced this action against Apple, Inc. ("Defendant") pursuant to 35 U.S.C. § 271 for Defendant's alleged infringement of Plaintiff's U.S. Patent No. 7,020,514 (the "'514 Patent"). (*See generally*, ECF No. 1.) Plaintiff previously brought an action against Defendant in this Court back in 2019 entitled *Wiesel v. Apple, Inc.*, No. 19-CV-7261 (JMA) (JMW) ("Original Action") asserting infringement of the '514 Patent based on the same products and operative facts as alleged in this instant action. (*Id.* at ¶ 1.) The Original Action is now closed, with judgment entered (ECF No. 87) and an appeal pending before the Federal Circuit (Case No. 25-2073) following the adoption by the Hon. Joan M. Azrack of a Report and Recommendation that Defendant's Motion to Dismiss be granted. *See Wiesel v. Apple, Inc.*, No. 19-CV-7261 (JMA) (JMW), 2025 WL 2306620 (E.D.N.Y. Aug. 11, 2025). In the Original Action, the Court concluded that,

> [h]aving viewed the pleadings and filings in the most favorable light of Plaintiff, the undersigned concludes that: (i) Plaintiff lacks "prudential" standing, and (ii) even if the Court disagrees with the undersigned and concludes that Dr. Wiesel indeed has "prudential" standing, his claim nonetheless fails on the merits because the '514 Patent classifies as patent ineligible subject matter under 35 U.S.C. § 101. Therefore, based upon these findings, it is respectfully recommended that Defendant's Motion to Dismiss pursuant to 12(b)(1) and 12(b)(6) be granted in its entirety.

*Wiesel v. Apple Inc.*, No. 19-CV-7261 (JMA)(JMW), 2025 WL 3461159, at *8 (E.D.N.Y. Apr. 21, 2025), *report and recommendation adopted*, No. 19-CV-7261 (JMA) (JMW), 2025 WL 2306620

(E.D.N.Y. Aug. 11, 2025); *see also Wiesel*, 2025 WL 2306620, at *1 (concluding the same and stating that "the Court adopts Judge Wicks' R&R in its entirety").

Now, Plaintiff contends that upon dismissal, Plaintiff and

> Microlife Corporation ("MLC") amended their license agreement to remove any provisions that could be construed as limiting Dr. Wiesel's independent enforcement authority with respect to the '514 Patent. Specifically, the amendment eliminates any non-exclusive license or sublicense rights in the '514 Patent, removes any consent, transfer, or restriction provisions affecting Dr. Wiesel's ability to license, assign, or enforce the patent, deletes prior negotiation or injunctive-relief provisions that could be interpreted as encumbering enforcement discretion, and clarifies that MLC has no enforcement role of any kind. The agreement expressly confirms that no ownership, control, or enforcement rights in the '514 Patent were conveyed to MLC and that Dr. Wiesel retains the sole and exclusive right to bring suit, including the right to recover accrued past damages. As amended, MLC holds no licensing, ownership, control, or enforcement interest in the '514 Patent that would require joinder in this action.

(ECF No. 1 at ¶ 3.)

Therefore, Plaintiff filed this second action for the sole purpose "to preserve [his] right to recover damages under 35 U.S.C. § 286" because of the six-year statute of limitations under 35 U.S.C. § 286.[1] (*Id.* at ¶ 4.) With that, Plaintiff outlines three scenarios that could result from the outcome of the Federal Circuit appeal of the Original Action.

*First*, if the Federal Circuit reverses the entire Original Action, then the Original Action is back on track, and this case will be dismissed entirely. (ECF No. 19 at 5:5-25.) *Second*, if the Federal Circuit affirms the entire Original Action, then this case will also be voluntarily dismissed since nothing remains.[2] (*Id.* at 10:20-24.) And *third*, if the Federal Circuit affirms the

---

[1] 35 U.S.C. § 286 provides that "[e]xcept as otherwise provided by law, no recovery shall be had for any infringement committed more than six years prior to the filing of the complaint or counterclaim for infringement in the action. "

[2] Put simply in the words of Plaintiff,

> [if Plaintiff] is fully successful on appeal, this Complaint will be unnecessary and will be voluntarily dismissed by Plaintiff. If the Federal Circuit affirms the invalidity ruling, this Complaint will likewise be voluntarily dismissed by Plaintiff. It will proceed only if the

standing issue but reverses the patent ineligibility portion of the Original Action, then this case is relevant and that is, as Plaintiff puts it, the purpose of this case. (*Id.* at 11-12.) In other words, Plaintiff will retrospectively have standing on the patent. (*Id.* at 11:13-23.) Thus, he would be able to preserve the right to damages. (*Id.*) In the Complaint, Plaintiff asserts "in the event that the Federal Circuit reverses the invalidity ruling but affirms dismissal under § 281 or Rule 19, [Plaintiff] would be required to proceed under a different set of base facts resolving any issues related to § 281 or Rule 19 through an amended license agreement with MLC. In such a scenario, and without this complaint, damages accruing during the pendency of the appeal could fall outside the six-year statutory period and be permanently unrecoverable." (ECF No. 1 at ¶ 4.) Defendant agrees with the scenarios but raised several concerns with the Court if a stay is denied such as (i) allowing Plaintiff to "hedge [his] bets", (ii) it would allow Plaintiffs in the future to file second cases and creates duplicative litigation, and (iii) the concept of judicial economy. (ECF No. 19 at 12-14.)

Presently, pending before the Court is Defendant's motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) on *res judicata* grounds.[3] (ECF No. 11.) Plaintiff now seeks a stay of this action including the motion to dismiss pending the resolution of Plaintiff's appeal of the Original Action (ECF No. 9), which Defendant opposes for substantially the same reasons outlined in the

> Federal Circuit reinstates the patent's validity but does not reverse the dismissal under § 281 or Rule 19, in which event this pleading may be necessary to preserve damages within the statutory period.

(ECF No. 1 at ¶ 5.)

[3] The Hon. Nusrat J. Choudhury referred the motion to dismiss to the undersigned for a report and recommendation. (*See* Electronic Order dated 7/19/2026.) However, prior to the referral, Judge Choudhury set the briefing schedule as follows: "Defendant shall serve any motion to dismiss by July 22, 2026. Plaintiff shall amend the complaint or serve on Defendant any opposition to the motion to dismiss by August 12, 2026. … If Plaintiff serves any opposition to the motion to dismiss, Defendant shall serve any reply to the motion to dismiss by August 26, 2026." (Electronic Order dated 7/1/2026.)

motion to dismiss (ECF No. 13). Therefore, the Court has to assess the two-fold request, namely, to stay the proceedings of the case and to defer briefing on the motion to dismiss. (*See* ECF No. 19 at 18:10-15.) For the reasons set forth below, and after hearing the parties' positions at oral argument on the issues (*see* ECF No. 19), Plaintiff's Motion to Stay (ECF No. 9) is **GRANTED** as to the stay of proceedings in this case, namely, discovery and deadlines, but is **DENIED** as to defer the briefing on the motion to dismiss, which will proceed.

## THE LEGAL FRAMEWORK

Motions to stay are discretionary and are determined on a case-by-case basis. *See Monterey Bay Mil. Hous., LLC v. Ambac Assurance Corp.*, No. 19-CV-9193 (PGG) (SLC), 2023 WL 5498962, at *4 (S.D.N.Y. Aug. 25, 2023) (quoting *Nken v. Holder*, 556 U.S. 418, 433 (2009) ("The decision to stay an action pending is an 'exercise of judicial discretion ... dependent upon the circumstances of the particular case.'")). Indeed, "[t]he decision to grant or deny a stay is a matter committed to the court's discretion." *State of New Jersey*, No. 26-282, 2026 WL 696286, at *1 (2d Cir. Mar. 11, 2026).

To assist in making a determination on whether a stay is appropriate when a related separate case is on appeal, Courts consider the following "*Kappel*" factors,

> (1) the private interests of the plaintiffs in proceeding expeditiously with the civil litigation as balanced against the prejudice to the plaintiffs if delayed; (2) the private interests of and burden on the defendants; (3) the interests of the courts; (4) the interests of persons not parties to the civil litigation; and (5) the public interest.

*In re Zimmer M/L Taper Hip Prosthesis or M/L Taper Hip Prosthesis with Kinectiv Tech. & Versys Femoral Head Prods. Liab. Litig.*, No. 18-CV-10393, 2021 WL 5963392, at *4 (S.D.N.Y. Dec. 16, 2021) ("*Zimmer*") ("The more lenient *Kappel* factors, on the other hand, are used to stay a case pending an appeal in a *related*, but *separate* case.")

"The *Kappel* factors are often used, in a court's discretion, to conserve resources when the outcome of a parallel proceeding will simplify the legal or factual issues in the stayed case." *Id.* The parallel proceeding and/or parallel appeal need not address all of the issues at hand in the

instant matter but rather, at least have an impact on some. *See e.g.*, *Rankine v. Levi Strauss & Co.*, 674 F. Supp. 3d 57, 68 (S.D.N.Y. 2023) (quoting *Diatek Licensing LLC v. Estrella Media, Inc.* No. 22-CV-3508-LJL, 2022 WL 5108090 (S.D.N.Y. Oct. 4, 2022) ("A court may 'enter a stay pending the outcome of proceedings which bear upon the case, even if such proceedings are not necessarily controlling of the action that is to be stayed.'")); *Consumer Fin. Prot. Bureau v. Manseth*, No. 22-CV-29 (LJV), 2024 WL 805628, at *6 (W.D.N.Y. Feb. 26, 2024) (internal citations omitted) ("It is true that 'a court may ... properly exercise its staying power when a higher court is close to settling an important issue of law bearing on the action.' That is especially so when 'that decision may not settle every question of fact and law before th[e] [c]ourt, but in all likelihood it will settle many and simplify them all.'"). "No one factor is dispositive; they are balanced with the principal aim of avoiding unfair prejudice to either party." *Zimmer*, 2021 WL 5963392, at *4.

**DISCUSSION**

Plaintiff seeks a stay of proceedings entirely pending the outcome of the Original Action, and thus, the application requests two types of relief – stay of the proceedings and deferment of the briefing of the dispositive motion – as conceded at oral argument. (ECF Nos. 9; 19.) Plaintiff's primary argument is that this case should be stayed for judicial efficiency. (ECF No. 19 at 3-4.) On the other hand, Defendant urges the Court to decide the motion to dismiss on *res judicata* grounds, alleging that the claims asserted in this action are barred by *res judicata* since judgment was already entered in the Original Action. (*See generally*, ECF No. 13.) That is, under principles of *res judicata*, Plaintiff could and should have raised them before. Accordingly, Defendant opposes any stay arguing that a stay would cause prejudice by delaying the action further. (ECF No. 13 at 9-10.) As Defendant put it, "requiring the Court to consider

and resolve the already-filed motions and Apple to brief them, and allowing Dr. Wiesel to keep his procedurally improper case alive to consider future motions, are a waste of judicial and party resources." (*Id.*) The parties agree that in light of the procedural posture of this and the Original Action, neither seeks the need for discovery at this time. (ECF No. 19 at 17-18.)

Plaintiff concedes that the instant Complaint is based on the same allegations as were included in the Original Action while arguing that this case is purely a protective measure to recover damages under 35 U.S.C. § 286. (ECF Nos. 1 at ¶ 1; 9-1 at 1, 4.) Yet, what is absent is why this case is not barred by *res judicata* or why the damages sought here were not sought in the Original Action. (*See* ECF No. 13 at 10.)

The doctrine of *res judicata* provides that "a final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action." *Allen v. McCurry*, 449 U.S. 90, 94 (1980).[4] To successfully prove the affirmative defense of *res judicata*, the party asserting the defense must show: "(1) the previous action involved an adjudication on the merits; (2) the previous action involved the plaintiffs or those in privity with them; and (3) the claims asserted in the subsequent action were, or could have been, raised in the prior action." *Mendez v. Pretium Mortg. Credit Partners I, Loan Acquisition, LP*, No. 21-CV-826 (KAM) (JRC), 2023 WL 8283148, at *5 (E.D.N.Y. Nov. 30, 2023) (internal citations omitted) (collecting cases). Here, the prior action involved an adjudication on the merits

---

[4] "In this Circuit, the law governing the claim preclusion (res judicata) analysis 'turns on the basis for jurisdiction in [the] prior case': courts apply federal law if the prior court exercised federal question jurisdiction, but if the prior court exercised diversity jurisdiction, courts apply the law of the state in which the prior court is located. *Miller v. Apple, Inc.*, No. 25-CV-1172 (JPC) (RFT), 2025 WL 1196044, at *4 (S.D.N.Y. Apr. 16, 2025), *report and recommendation adopted*, No. 25-CV-1172 (JPC) (RFT), 2025 WL 1554589 (S.D.N.Y. June 2, 2025), *motion for relief from judgment denied*, No. 25-CV-1172 (JPC) (RFT), 2026 WL 1194593 (S.D.N.Y. May 1, 2026), *reconsideration denied*, No. 25-CV-1172 (JPC) (RFT), 2026 WL 1283333 (S.D.N.Y. May 11, 2026). Here, the Original Action as well as this one is predicated on federal question jurisdiction and as such, federal law applies.

as there was a final judgment. Second, the same parties are involved in both cases. Lastly, Plaintiff does not provide any justification as to why the damages sought in this action could not have been raised in the prior action nor why Plaintiff could not have received the proper paperwork from MLC that it now possesses. Indeed, as Defendant argues, "it's too late for Dr. Wiesel to cure standing—the only case in which he could have possibly done that has already proceeded to judgment and is on appeal." (ECF No. 11-1 at 1; 13 at 6.) Moreover, Defendant contends that,

> [w]hile the 2019 case was still pending and before it proceeded to judgment and set for appeal on a closed record, Dr. Wiesel could have moved the Court to stay entry of judgment so he could (1) amend his license agreement with MLC, (2) seek leave to amend the 2019 complaint to attempt to cure standing, and (3) ask the Court to amend the judgment under FRCP 60(b) before the appeal. This could have occurred in the 2019 case after this Court granted Apple's motion to dismiss, or even after Magistrate Judge Wicks entered the R&R, but before judgment. Dr. Wiesel did none of that, but instead let the case move to judgment and proceed to appeal.

(*Id.* at 4, 9; *see also* ECF No. 19 at 19-20.)

As the moving party, Plaintiff has the "'burden to establish a clear case of hardship or inequity in being required to go forward' with this litigation." *Chavez-DeRemer v. Sarene Servs., Inc.*, No. 20-CV-3273 (NJC) (ST), 2025 WL 2523193, at *2 (E.D.N.Y. Sept. 2, 2025), *reconsideration denied*, No. 2:20-CV-3273 (NJC) (ST), 2025 WL 2972624 (E.D.N.Y. Oct. 22, 2025). Plaintiff contends that "hardship would result from denying the stay[,]" because it was filed "solely to preserve his ability to recover damages during the pendency of his Federal Circuit appeal." (ECF No. 9-1 at 7.) This, however, does not address the doctrine of *res judicata*.[5] Absent any true argument against this, the Court is left guessing as to why *res judicata*

[5] The Court anticipates that Plaintiff will do so through his opposition papers to the motion to dismiss.

does not apply in this action and Plaintiff cannot with certainty address if he will be successful on the appeal.

In Defendant's opposition and at oral argument, Defendant focused on the case of *Federated Dep't Stores, Inc. v. Moitie*, 452 U.S. 394, 395 (1981). There, consumers brought seven consolidated private antitrust suits against the same defendants, asserting allegations of price-fixing. *Id.* The cases were assigned to one judge and were dismissed. *Id.* at 395-96. Five of the seven plaintiffs appealed while the remaining two refiled in state court, which contained the same allegations. *Id.* at 396. Eventually it was removed to federal court and thereafter dismissed on *res judicata* grounds. *Id.* Appeals were taken and the Ninth Circuit reversed the dismissal stating that a "strict application of the doctrine of *res judicata* would preclude our review of the instant decision," [and] "it refused to apply the doctrine to the facts of this case[,]" because … [the] "non-appealing parties may benefit from a reversal when their position is closely interwoven with that of appealing parties." *Id.* at 397-98 (internal citations and quotation marks omitted). The Ninth Circuit also "concluded that '[b]ecause the instant dismissal rested on a case that has been effectively overruled,' the doctrine of res judicata must give way to 'public policy' and 'simple justice.'" *Id.* at 398 98 (internal citations omitted). The Supreme Court reversed that ruling finding that *res judicata* should have applied. *Id.* at 398-402. ("There is little to be added to the doctrine of res judicata as developed in the case law of this Court. A final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action.") The Court further noted that, "[t]he predicament in which respondent finds himself is of his own making . . . . [W]e cannot be expected, for his sole relief, to upset the general and well-established doctrine of res judicata[.] . . . And the mischief which would follow the establishment of precedent for so disregarding this salutary doctrine against

prolonging strife would be greater than the benefit which would result from relieving some case of individual hardship." *Id.* at 401-02 (internal quotations and citations omitted); *see also id.* at 411 (Brennan, J., dissenting) (Justice Brennan would "hold that the dismissal of [the first filing] is res judicata not only as to every matter that was actually litigated, but also as to every ground or theory of recovery that might also have been presented").

This Court too finds that the *res judicata* doctrine should not be disturbed and is well settled law. Accordingly, the Court finds that *res judicata* may likely bar this action. *See Gray v. Fid. Inv.*, No. 1:20-CV-718, 2022 WL 899477, at *2 (N.D.N.Y. Mar. 28, 2022) ("As a consequence, the stay in the second case—tied as it was to the motion to consolidate—must be lifted. The Court notes, however, that because the first case was closed on the merits after arbitration, the second case is likely barred by *res judicata* in the form of claim preclusion. Under these facts, a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) may be appropriate to resolve the second case.")

*Third*, the Court's interest is in line with "promoting judicial efficiency." *Catskill Mountains Chapter of Trout Unlimited, Inc. v. U.S. E.P.A.*, 630 F. Supp. 2d 295, 304 (S.D.N.Y. 2009); *Readick v. Avis Budget Grp., Inc.*, No. 12-CV-3988 (PGG), 2014 WL 1683799, at *5 (S.D.N.Y. Apr. 28, 2014) (same). The "two actions involve substantially duplicative claims" and as such, staying discovery in this matter while issuing a decision on the basis of *res judicata* will make use of the Court's resources in the most efficient and practical sense. *See id.* Notably, a court has a "well-recognized interest in disposing 'of the causes on its docket with economy of time and effort for itself.'" *Consumer Fin. Prot. Bureau*, 2024 WL 805628, at *6 (citations omitted).

*Fourth*, the Court is unaware of the interests of any non-parties at this early stage of the litigation. With that, this factor remains neutral. *Lastly*, there is public interest in quick resolution of cases and while at the same time, focusing on judicial economy. *See Strougo v. Barclays PLC*, 194 F. Supp. 3d 230, 235 (S.D.N.Y. 2016) (internal citations omitted) ("the public interest favors a speedy trial and resolution of this matter.") Yet, as this duplicative action has a relatively short procedural history, it may still serve the public to partially deny the stay. *See id.* ("However, this argument for judicial efficiency would apply to every motion to stay pending an appeal if the court assumes that the appeal will necessarily result in a reversal.") Ultimately, the Court is not in position to know outcome of Federal Circuit ruling and neither are the parties. Given the above, this factor is neutral in whether to grant or deny Plaintiff's motion to stay.

Accordingly, upon careful consideration of all the relevant factors, the Court in the exercise of discretion stays the case solely as to discovery and any other related deadlines. *See In re OpenAI, Inc. Copyright Infringement Litig.*, No. 25-CV-4315, 2025 WL 3635559, at *9 (S.D.N.Y. Dec. 15, 2025) ("A district court has inherent power to stay proceedings.") However, the motion to dismiss shall proceed as originally directed by the Court.

**CONCLUSION**

For the foregoing reasons, Plaintiff's Motion to Stay (ECF No. 9) is **GRANTED** as to the stay of discovery, but is **DENIED** as to proceeding on the motion to dismiss. The motion to dismiss will proceed in accordance with the previously set briefing schedule. Oral argument on the motion to dismiss remains set for **October 1, 2026, at 10:00 AM** in Courtroom 1020 of the Central Islip Courthouse. (*See* Electronic Order dated 7/31/2026.)

Dated: Central Islip, New York
August 11, 2026

**S O O R D E R E D:**

/S/ James M. Wicks
JAMES M. WICKS
United States Magistrate Judge