**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| Joseph Wiesel,<br><br>Plaintiff,<br><br>-v-<br><br>Apple Inc.,<br><br>Defendant. | 2:26-cv-1465<br>(NJC) (JMW) |

**MEMORANDUM AND ORDER**

NUSRAT J. CHOUDHURY, United States District Judge:

On March 13, 2026, Plaintiff Joseph Wiesel filed a Complaint against Apple Inc. ("Apple") seeking to preserve his rights to recover damages under 35 U.S.C. § 286 while an appeal from his prior federal lawsuit filed in this District against Apple is pending before the Federal Circuit. (Compl. ¶ 4, ECF No. 1.) On August 11, 2026, Magistrate Judge Wicks granted Wiesel's motion to stay discovery but denied his motion to stay briefing on Apple's anticipated motion to dismiss. (ECF No. 20.) Before the Court is Wiesel's motion objecting to Judge Wicks' denial of the stay as to the motion to dismiss briefing. (Obj. Mot., ECF No. 23.) For the reasons below, Wiesel's motion is denied.

**PROCEDURAL HISTORY**

In 2019, Wiesel brought a first action against Apple alleging an infringement of U.S. Patent No. 7,020,514, with the same operative facts as those at issue here. *Wiesel v. Apple, Inc.*, No. 19-cv-7261 (JMA) (JMW) ("First Action"). In the First Action, Judge Wicks issued a Report and Recommendation that recommended dismissal based on Wiesel's lack of prudential standing and patent-ineligibility under 35 U.S.C. § 101. *Wiesel v. Apple Inc.*, No. 19-cv-7261, 2025 WL

3461159, at *8 (E.D.N.Y. Apr. 21, 2025). Judge Azrack adopted the R&R in its entirety and entered a final judgment for Apple. *Wiesel v. Apple, Inc.,* No. 19-cv-7261, 2025 WL 2306620, at *1 (E.D.N.Y. Aug. 11, 2025). In August 2025, Wiesel appealed the judgment in the First Action to the Federal Circuit. *Wiesel v. Apple Inc*., No. 25-2073 (Fed. Cir.).

While awaiting the Federal Circuit's decision on his appeal, Wiesel filed this action (the "Second Action") "solely to preserve Dr. Wiesel's right to recover damages under 35 U.S.C. § 286" because "Section 286 limits recovery to infringement occurring within six years prior to the filing of a complaint." (Compl. ¶ 4.) The Second Action Complaint alleges that "this filing is simply a protective measure. It is not intended to proceed on the merits while the appeal remains pending." (*Id.* ¶ 5.)

Apple filed a letter seeking a pre-motion conference on its anticipated motion to dismiss the Second Action on res judicata grounds. (Mot. Dism., ECF No. 8.) Wiesel then sought a stay of the Second Action pending the resolution of his appeal of the judgment in the First Action. (Stay Mot., ECF No. 9.) Judge Wicks held oral argument and granted the stay of discovery in the Second Action but denied it as to the briefing on Apple's forthcoming motion to dismiss the Second Action Complaint. (Mem. and Order, ECF No. 20.) In response, Wiesel filed a motion objecting to Judge Wicks' decision denying the stay as to the motion to dismiss briefing. (Obj. Mot.) Apple opposed. (Resp., ECF No. 24.) Subsequently, Wiesel filed an Amended Complaint in the Second Action. (Am. Compl., ECF No. 21.) Apple then filed a motion to dismiss the Amended Complaint. (Mot. Dism. II, ECF No. 25.)

## STANDARD OF REVIEW

A district judge may set aside a magistrate judge's order "where it has been shown that the magistrate judge's order is clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A). A

finding is clearly erroneous if the reviewing court is "left with the definite and firm conviction that a mistake has been committed." *Easley v. Cromartie*, 532 U.S. 234, 242 (2001) (quoting *United States v. United Gypsum Co.*, 333 U.S. 364, 395 (1948).[1] Pursuant to this highly deferential standard of review, a magistrate judge is "afforded broad discretion in resolving non-dispositive disputes . . . ." *Peralta v. Regent Catering, Inc.*, No. 17-cv-6993, 2022 WL 6799407, at *4 (E.D.N.Y. Mar. 18, 2022) (citations omitted). Additionally, new arguments and factual assertions may not be raised for the first time in an objection to a magistrate judge's discovery order. *See In re Keurig Green Mt. Single-Serve Coffee Antitrust Litig.*, 336 F.R.D. 400, 403–04 (S.D.N.Y. 2020).

## DISCUSSION

Judge Wicks applied the factors set forth in *Kappel v. Comfort*, 914 F. Supp. 1056, 1058 (S.D.N.Y. 1996), and determined that a stay was not appropriate as to briefing of the motion to dismiss the Amended Complaint in the Second Action. He reasoned that because the case may be barred by res judicata, this Court has an interest in hearing the parties' arguments regarding the application of res judicata in order to promote judicial efficiency. (Mem. and Order at 6–9.) Judge Wicks noted that if the motion to dismiss is not resolved, the Second Action could proceed to motion practice on other issues even though this Court may ultimately determine that the Second Action is barred by res judicata. (*Id.*) Meanwhile, Wiesel argues that: (1) the Order erred in finding that it would conserve judicial resources to allow briefing on the motion to dismiss the Amended Complaint; (2) equitable considerations warrant a stay; and (3) the Order is contrary to law because it misapplied governing authority. (Obj. Mot. at 1–7.) Apple contends that Judge

---

[1] Unless otherwise indicated, case quotations omit all internal quotation marks, alterations, and citations.

Wicks applied the correct standards in denying the stay and that Wiesel cites irrelevant authority. (Resp. at 1–9.)

For the reasons explained below, Judge Wicks' Order granting a discovery stay and denying a stay of briefing on the motion to dismiss is not clearly erroneous or contrary to law. Accordingly, the motion objecting to Judge Wicks' ruling is denied.

## I. Clear Error

Judge Wicks did not clearly err in his denial of a stay of briefing on the motion to dismiss the Amended Complaint in the Second Action. When considering whether to grant a stay in an action related to another matter, courts weigh the factors established in *Kappel*, 914 F. Supp. at 1058, and reiterated in *In re Zimmer M/L Taper Hip Prosthesis or M/L Taper Hip Prosthesis with Kinectiv Tech. & Versys Femoral Head Prods. Liab. Litigation*:

> (1) the private interests of the plaintiffs in proceeding expeditiously with the civil litigation as balanced against the prejudice to the plaintiffs if delayed; (2) the private interests of and burden on the defendants; (3) the interests of the courts; (4) the interests of persons not parties to the civil litigation; and (5) the public interest.

No. 18-CV-10393, 2021 WL 5963392, at *4 (S.D.N.Y. Dec. 16, 2021) ("Zimmer") (citing *Kappel*). Applying these factors, Judge Wicks held that because "*res judicata* may likely bar this action," it is in the interest of judicial economy to allow briefing on the motion to dismiss in order to avoid keeping a potentially procedurally improper case active. Mem. and Order at 7, 10–11; *Gray v. Fid. Inv.*, No. 1:20-cv-718, 2022 WL 899477, at *2 (N.D.N.Y. Mar. 28, 2022) (finding that where a second case was likely barred by res judicata, a stay should be lifted and the case should be adjudicated under Rule 12(b)(6)).

Wiesel makes two unpersuasive arguments in response. First, he contends that allowing the motion to dismiss the Amended Complaint in the Second Action to proceed to briefing will

not conserve judicial resources because it creates a "parallel track of litigation" while a decision in the First Action remains pending before the Federal Circuit. (Obj. Mot. at 3.) Such an argument ignores the fact that Wiesel, *not Apple*, initiated the Second Action. Wiesel relies on *Neff v. Flagstar Bank, Federal Savings Bank*, a case that is distinguishable because there, "the court raised the res judicata issue only *after* the parties had fully briefed" dispositive motions raising issues other than res judicata. 520 F. App'x 323, 328 (6th Cir. 2013) (emphasis added). Here, Apple raised res judicata in the first instance. Accordingly, Wiesel's concerns about judicial resources are not advanced by staying briefing and resolution of the motion to dismiss this action. *Id.*

Next, Wiesel relies on *Catzin v. Thank You & Good Luck Corporation*, 899 F.3d 77, 86 (2d Cir. 2018) to argue that Judge Wicks prematurely decided the application of res judicata to the Amended Complaint in the Second Action before the parties had briefed the issue. *Catzin* is distinguishable. There, the Second Circuit vacated a district court decision that declined to exercise supplemental jurisdiction, finding that the court should have "hear[d] from the parties" before making that decision sua sponte. *Catzin*, 899 F.3d at 86. Here, Judge Wicks' determination that this action should proceed to briefing on a motion to dismiss addressing res judicata allows the Court to "hear from the parties" before determining whether this action is barred, and is therefore consistent with *Catzin*. To be clear, in his Memorandum and Order, Judge Wicks did not rule on the merits of Apple's assertion of res judicata but determined that it is appropriate for this issue to be briefed now in order to determine whether the Second Action is procedurally improper. (Mem. and Order at 10.)

Wiesel also relies on *Gold v. Scurlock*, 290 F. Supp. 926, 929 (S.D.N.Y. 1968), which is inapposite. *Gold* concerned the issue of whether a court may reach the merits of a case before

deciding a transfer motion, a question that is procedurally distinct and irrelevant to the issue before me. 290 F. Supp. at 929. Thus, Wiesel fails to identify any clear error in Judge Wicks' weighing of the *Kappel* factors to conclude that a stay of briefing Apple's motion to dismiss the Second Action on the basis of res judicata is unwarranted.[2]

## II. Contrary to Law

Wiesel raises two arguments to show that Judge Wicks made an error of law in denying his request for a stay of briefing on the motion to dismiss the Amended Complaint in the Second Action, none of which are persuasive. As addressed above, Judge Wicks correctly weighed the *Kappel* factors in accordance with the law. First, Wiesel relies on *Zimmer*, 2021 WL 5963392, to argue that Judge Wicks resolved the request for a stay through application of a "heightened requirement" not in accordance with the standard in *Kappel*, 914 F. Supp. at 1058. (Obj. Mot. at 6.) However, Judge Wicks correctly explained that Wiesel has the "'burden to establish a clear case of hardship or inequity in being required to go forward' with this litigation" in accordance with the Supreme Court's decision in *Landis et. al v. North American Company*, 299 U.S. 248, 255 (1936). (Mem. and Order at 8 (citing *Chavez-DeRemer v. Sarene Servs., Inc.*, No. 2:20-cv-3273, 2025 WL 2523193 at *2 (E.D.N.Y. Sept. 2, 2025 (citing *Landis et. al v. North American Company*, 299 U.S. 248, 255 (1936))).) The text in *Zimmer* on which Wiesel relies concerns the characterization that *Kappel* sets forth a "more lenient" standard for resolving a stay pending an appeal in a related case as compared to a request for a stay pending an interlocutory appeal in

[2] Wiesel also argues that equitable considerations warrant a stay because the "Court twice stayed the Original Action – at Apple's request and over Plaintiff's objection – while related proceedings were pending before the USPTO." (Mot. at 5.) Wiesel fails to explain why the district court's decisions in the First Action support the conclusion that Judge Wicks made a clear error in denying a stay of briefing on the motion to dismiss the Amended Complaint in the Second Action.

another case. (*See* Obj. Mot. at 6 (citing *Zimmer*, 2021 WL 5963392, at *3–4 ("The *Hilton* factors are relatively strict because interlocutory appeals are strongly disfavored . . . The more lenient *Kappel* factors, on the other hand, are used to stay a case pending an appeal in a *related*, but *separate* case.")) (emphasis in original).) However, nothing in *Zimmer* suggests that Judge Wicks committed an error of law. Indeed, *Zimmer* does not disturb the well-established standard in *Landis*, which requires a party seeking a stay in light of an appeal in a related action to show a "clear case of hardship." *Landis*, 299 U.S. at 255; *Zimmer*, 2021 WL 5963392, at *4. Here, Judge Wicks correctly applied the *Landis* standard, and Wiesel fails to show any error of law.

Second, Wiesel argues that he does not seek to evade res judicata but rather seeks to delay briefing on that issue until after the Federal Circuit has decided his appeal from the judgment in the First Action. (Obj. Mot. at 7.) In support, he relies on *Woods v. Dunlop Tire Corporation* for the notion that the Second Action should be stayed pending resolution of a discrete issue in the First Action. (*Id*. at 7 (citing *Woods v. Dunlop Tire Corp.*, 972 F.2d 36 (2d Cir. 1992).) However, in *Woods*, the Second Circuit held that a second action *was* barred by res judicata. 972 F.2d 37–41 (2d Cir. 1992). That decision is inapposite because here, the question is not whether the Second Action should be stayed while Wiesel pursues administrative relief in another action, but whether briefing on the motion to dismiss the Section Action on res judicata grounds should be stayed pending resolution of Wiesel's appeal from the dismissal of the First Action. Thus, *Wood* does not show that Judge Wicks' Order denying the stay of briefing on the motion to dismiss this Action based on the doctrine of res judicata was contrary to law in any manner.

## CONCLUSION

For the reasons set forth above, I deny Wiesel's motion to stay Magistrate Judge Wicks' Order denying Wiesel's motion to stay the briefing of the motion to dismiss the Amended Complaint in the Second Action on the basis of res judicata (ECF No. 23). This action shall proceed to briefing and resolution of the motion to dismiss.

Dated: Central Islip, New York
October 29, 2026

*/s/ Nusrat J. Choudhury*
NUSRAT J. CHOUDHURY
United States District Judge